FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 01 2005 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TOTAL CONTAINMENT SYSTEMS, L.P.

    Plaintiff,

v.

KISKA CONSTRUCTION
CORPORATION

    Defendant.

Civil Action No.

CV 05 5594

JOHNSON, J.

POLLAK, M.

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Total Containment Systems, Inc., by and through its attorneys, Bond, Schoeneck & King, PLLC, hereby alleges as its Complaint against the defendant Kiska Construction Corporation as follows:

### JURISDICTION AND VENUE

1.    This is an action for patent infringement brought under the patent laws of the United States, including 35 U.S.C. §§ 271 *et seq.*

2.    This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331 and 1338(a).

1137393.1 11/30/2005

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).

## PARTIES

4. Plaintiff Total Containment Systems, L.P. ("TCS") is a limited partnership organized and existing under the laws of the State of New York and having a place of business at 28-1/2 Alice Street, Binghamton, New York 13904.

5. Upon information and belief, defendant Kiska Construction Corporation ("Kiska") is a corporation organized and existing under the laws of the State of New York and having offices at 10-34 44th Drive, Long Island City, NY 11101. Kiska is a sub-contractor involved in the removal of lead-based paint from the Arthur Kill Lift Bridge in Staten Island, New York ("the AKLB project").

## FACTS

6. TCS is the owner of all right, title and interest in U.S. Patent No. 5,299,655 ("the '655 patent"), which duly issued on April 5, 1994. A copy of the '655 patent is attached hereto as **Exhibit A**. The '655 patent is directed toward a temporary workplace enclosure for installation on a bridge while performing work on the bridge, such as removing lead based paint.

7. TCS has licensed several parties under the '655 patent to use the patented bridge enclosure on other bridges including, at one time, defendant Kiska.

8. TCS places the '655 patent number on all of its documents describing the patented bridge enclosure structure, and TCS requires all of its licensees to comply with the patent marking statute, 35 U.S.C. § 287.

9. Sometime in October 2005, TCS learned that Kiska had installed a bridge enclosure in connection with the AKLB project.

10. Upon information and belief, the bridge enclosure used in connection with the AKLB project contains each and every element of at least one claim of the '655 patent.

11. Kiska has used the patented bridge enclosure on previous bridge projects, and was licensed under the '655 patent for such use of the patented bridge enclosure on those projects.

12. In view of the past licensing of Kiska, TCS contacted Kiska about renewing its license under the '655 patent to cover the use of the patented bridge enclosure in connection with the AKLB project.

13. Kiska failed to respond to TCS' license offer.

14. On October 14, 2005, TCS sent a letter to Kiska informing of it of its infringing use of the patented bridge system in connection with the AKLB Project, and requesting that Kiska contact TCS to obtain a license to continue with this project. Kiska failed to respond to the October 14 letter.

15. Upon information and belief, Kiska has continued to use the bridge enclosure of the AKLB project with actual knowledge that it is infringing the '655 patent.

16. TCS has no adequate remedy at law.

## AS AND FOR A FIRST CLAIM FOR
## PATENT INFRINGEMENT

17. TCS hereby repeats and realleges the allegations contained in paragraphs "1" through "16" as if fully set forth herein.

18. The unauthorized making, using, selling, offering for sale, and/or importing of the bridge enclosure of the AKLB project by Kiska constitutes patent infringement under 35 U.S.C. § 271(a) and/or 35 U.S.C. § 271(b).

1137393.1 11/30/2005

19. TCS has been damaged in an amount to be determined at trial, but in no event less than a reasonable royalty for the use made of the bridge enclosure by Kiska, together with interest and costs.

20. The defendant's willful infringement and deliberate disregard for TCS's statutory rights warrant a trebling of damages pursuant to 35 U.S.C. § 284, and a finding that this case is exceptional under 35 U.S.C. § 285, thereby entitling TCS to an award of costs and attorneys' fees.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

WHEREFORE, the plaintiff prays that the Court:

(a) Enter judgment that the defendants have infringed one or more claims of U.S. Patent No. 5,299,655;

(b) Enter judgment that the defendants' acts of infringement are willful;

(c) Enter judgment that this is an exceptional case under 35 U.S.C. § 285.

(d) Pursuant to 35 U.S.C. § 283, preliminarily and permanently enjoin the defendants its subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives and all parties in active concert and/or participation with it from directly or indirectly making, having made, selling, offering for sale, distributing, using, or importing into the United States all products that infringe U.S. Patent No. 5,299,655;

(e) Order the defendant to account for and pay to the plaintiff all damages caused to the plaintiff by the defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by the defendants, together with interest and costs as fixed by the Court;

(f) Award the plaintiff treble damages pursuant to 35 U.S.C. § 284;

(g)   Award the plaintiff its prejudgment interest, costs and attorneys' fees;

(h)   Award the plaintiff damages for breach of contract in an amount to be determined at trial; and

(i)   Grant the plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Dated: November 30, 2005

By: _____
James P. Clark  (JC 0824)
1399 Franklin Park Avenue, Suite 200
Garden City, NY 11530-1679

Of counsel:

George R. McGuire, Esq.
David L. Nocilly, Esq.
BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000
Facsimile: (315) 218-8100

*Attorneys for Plaintiff Total Containment Systems, L.P.*